IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DANNY EVANS,

    Plaintiff,

v.                                    No. 04-2790 B

GRINDER & HAISLIP
CONSTRUCTION,

    Defendant.

---

### ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH ORDERS OF THE COURT

---

On March 23, 2005, the Defendant, Grinder & Haislip Construction, moved to dismiss the complaint filed by pro se Plaintiff, Danny L. Evans, for insufficient service pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure or, in the alternative, to quash service. In an order entered April 28, 2005, the Court denied the motion but directed the Plaintiff, who had not responded thereto, "to effect proper service upon the Defendant, in accordance with the Federal Rules of Civil Procedure, within 30 days of the entry of this order." (Order Denying Def.'s Mot. to Dismiss and Directing Pl. to Effect Proper Service at 2.) On June 10, 2005, the Defendant renewed its motion to dismiss, arguing that, although it received from the Plaintiff relevant documents filed in this matter, the complaint forwarded to it was not the same complaint filed with the Court. The Plaintiff failed to respond to the renewed motion to dismiss. In an order entered July 22, 2005, the Court directed as follows:

> First, if the Plaintiff wishes to amend his complaint, he must do so by making the appropriate filings with the Court as are required by the Federal Rules. Second, he must serve on the Defendant the last complaint filed and entered on the Court's

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-13-05



> docket. The Plaintiff is hereby DIRECTED to effect proper service of the complaint upon Grinder as provided for herein within twenty (20) days of the entry of this order.

(Second Order Directing Pl. to Effect Proper Service on Compl. at 2.) Further, he was admonished that "the service ordered herein must comply with the Federal Rules" and that "failure to heed the Court's directives may result in dismissal of his lawsuit." (Second Order Directing Pl. to Effect Proper Service on Compl. at 2.) On August 22, 2005, summons was returned executed on the Defendant and, on September 6, 2005, the Plaintiff moved to amend his complaint. However, on the same day as the motion to amend was filed, the Defendant filed its second renewed motion to dismiss, alleging that, while service was indeed effected, no copy of the complaint was served. Again, the Plaintiff has not responded to the most recent renewed motion.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own

2

affairs so as to achieve the orderly and expeditious disposition of cases. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal under Rule 41(b) is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined in the July 22, 2005 order and herein, the Plaintiff has violated the directives of this Court by failing to effect proper service as ordered by the Court. In short, the Plaintiff is making no effort to move this matter forward. Clearly, the necessity of monitoring a case that is not moving toward disposition and of filing continued motions based on the Plaintiff's failure to effect proper service works hardship on the Defendant. In addition, the Plaintiff has been advised in no uncertain terms and on more than one occasion that failure to respond to the Court's directives may result in dismissal of his claims. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter.

Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED without prejudice.

3

IT IS SO ORDERED this 13th day of October, 2005.

_____
J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 2:04-CV-02790 was distributed by fax, mail, or direct printing on October 13, 2005 to the parties listed.

---

Danny L. Evans
1449 Gold Avenue
Memphis, TN 38103

W. Kerby Bowling
BOWLING & BOWLING
7936 Players Forest Dr.
Memphis, TN 38119

Charles W. Cavagnaro
BOWLING & BOWLING
7936 Players Forest Dr.
Memphis, TN 38119

Honorable J. Breen
US DISTRICT COURT